KAREN P. HEWITT
United States Attorney
EUGENE S. LITVINOFF
Assistant U.S. Attorney
California State Bar No. 214318
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5790 / (619) 235-2757 (Fax)
Email: Eugene.Litvinoff2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR3213-BEN |
| Plaintiff, | Date: January 14, 2008<br>Time: 2:00 p.m. |
| v. | GOVERNMENT'S RESPONSE AND |
| ROSENDO RODRIGUEZ-GONZALEZ, | OPPOSITION TO DEFENDANT'S<br>MOTION TO: |
| Defendant. | (1) COMPEL DISCOVERY; AND<br>(2) LEAVE TO FILE FURTHER MOTIONS |
| | TOGETHER WITH STATEMENT OF<br>FACTS, MEMORANDUM OF POINTS<br>AND AUTHORITIES, AND<br>GOVERNMENT'S MOTIONS FOR: |
| | (1) RECIPROCAL DISCOVERY; AND<br>(2) FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Eugene S. Litvinoff, Assistant U.S. Attorney, and hereby files its Response and Opposition to the motions filed on behalf of the above-captioned defendant and hereby files its Motions For Reciprocal Discovery and Fingerprint Exemplars. This Response and Opposition and Motions For Reciprocal Discovery and Fingerprint Exemplars is based upon the files and records of this case.

I

**INDICTMENT**

On November 28, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Rosendo Rodriguez-Gonzalez ("Defendant") with attempted illegal reentry after deportation, in violation of Title 8, United States Code, Section 1326. On October 31, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

**STATEMENT OF FACTS**

A.   **IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported after a hearing before an immigration judge on August 21, 2007. Defendant was physically removed from the United States, by foot, through Nogales, Arizona on August 21, 2007.

B.   **RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 3/17/2005 | CASC Los Angeles | PC 273.5(a) – Inflict corporal injury on spouse | 3 years |
| 8/21/2001 | CASC Los Angeles | PC 415(1) – Fight/challenge public place | 2 years probation |

C.   **INSTANT OFFENSES**

  1.   **Apprehension**

On October 31, 2007, U.S. Border Patrol Agent Wells was performing assigned line watch duties about ½ mile east of the Calexico, California West Port of Entry. At approximately 6:45 p.m., Agent Wells observed Defendant climbing the international boundary fence between Mexico and the United States in an area known as the "old port," located south of First Street and Heffernan Avenue. Agent Wells responded to the area and found Defendant in the immediate vicinity. Agent Wells approached Defendant and identified himself as a Border Patrol Agent.

/ /

Government's Response – U.S. v. Rodriguez-Gonzalez

### 2. Field Statement

Agent Wells questioned Defendant as to his citizenship; Defendant stated that he is a citizen and national of Mexico without proper documentation to visit, work, or reside in the United States legally. Defendant was arrested and transported to the Calexico Border Patrol Station for processing.

### 3. Advice of Rights

Defendant was advised of his <u>Miranda</u> rights at approximately 11:17 p.m. on October 31, 2007. He invoked.

### III

### POINTS AND AUTHORITIES

**A. THE GOVERNMENT WILL CONTINUE TO COMPLY WITH ALL ITS DISCOVERY OBLIGATIONS**

The Government intends to fully comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The Government has made approximately 42 pages of discovery and a DVD recording available to the defense. The Government anticipates that most discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

**(1) The Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of Defendant's written and videotaped statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the Government's agents and officers. <u>See</u> <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective

Government's Response – U.S. v. Rodriguez-Gonzalez

1   government witnesses).  However, the Government objects to providing Defendant with a copy
2   of any rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes
3   where the content of those notes have been accurately reflected in a type-written report.  <u>See</u>
4   <u>United States v. Brown</u>, 303 F.3d 582, 590 (5th Cir. 2002); <u>United States v. Coe</u>, 220 F.3d 573,
5   583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where
6   there are "minor discrepancies" between the notes and a report).  The Government is not required
7   to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements"
8   (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim
9   narrative of a witness' assertion, and (2) have been approved or adopted by the witness.  <u>United</u>
10  <u>States v. Spencer</u>, 618 F.2d 605, 606-07 (9th Cir. 1980).  The rough notes in this case do not
11  constitute "statements" in accordance with the Jencks Act.  <u>See</u> <u>United States v. Ramirez</u>, 954 F.2d
12  1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes
13  were scattered and all the information contained in the notes was available in other forms).  The
14  notes are not <u>Brady</u> material because the notes do not present any material exculpatory
15  information, or any evidence favorable to Defendant that is material to guilt or punishment.
16  <u>Brown</u>, 303 F.3d at 595-96 (rough notes were not <u>Brady</u> material because the notes were neither
17  favorable to the defense nor material to defendant's guilt or punishment); <u>United States v. Ramos</u>,
18  27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained <u>Brady</u> evidence
19  was insufficient).  If, during a future evidentiary hearing, certain rough notes become discoverable
20  under Rule 16, the Jencks Act, or <u>Brady</u>, the notes in question will be provided to Defendant.

21          **(2)     Arrest Reports, Notes and Dispatch Tapes**

22  The United States has provided the Defendant with arrest reports.  As noted previously,
23  agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16
24  discovery.  The United States will provide to Defendant any existing dispatch tapes that relate to
25  Defendant's apprehension.
26  / /
27  / /
28  Government's Response – U.S. v. Rodriguez-Gonzalez

**(3) Reports of Scientific Tests or Examinations**

Defendant requests written reports of tests pursuant to Federal Rules of Criminal Procedure 16(f). The United States will disclose to Defendant the name, qualifications, and a written summary of testimony of any expert the United States intends to use during its case-in-chief at trial pursuant to Fed. R. Evid. 702, 703, or 705.

**(4) Brady Material**

The United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Id. at 774-75 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

//

//

**(5)     Sentencing Information**

Defendant claims that the United States must disclose any information affecting Defendant's sentencing guidelines because such information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). The United States respectfully contends that it has no such disclosure obligation under Brady.

The United States is not obligated under Brady to furnish a defendant with information which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). Brady is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already known to the defendant. In such case, the United States has not suppressed the evidence and consequently has no Brady obligation. See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).

But even assuming Defendant does not already possess the information about factors which might affect his guideline range, the United States would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for this information is premature.

**(6)     Defendant's Prior Record**

The United States has provided Defendant with a copy of his criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

**(7)     Proposed 404(b) and 609 Evidence**

Should the United States seek to introduce any similar act evidence pursuant to Federal Rule of Evidence 404(b), or prior convictions pursuant to Rule 609, the United States will provide Defendant with official notice of its proposed use of such evidence and information about such bad acts or prior convictions at the time the United States' trial memorandum is filed.

In an abundance of caution, the United States hereby notices Defendant that it intends to introduce evidence of his: (1) 2005 felony conviction for infliction of corporal injury on a spouse,

Government's Response – U.S. v. Rodriguez-Gonzalez

1  in violation of California Penal Code section 273.5(a). The United States also intends to introduce
2  the facts underlying any prior immigration-related apprehensions and/or prior deportations and
3  removals.

**(8)   Evidence Seized**

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

**(9)   Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(10)   Evidence of Bias or Motive to Lie**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(11)   Impeachment Evidence**

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

//

Government's Response – U.S. v. Rodriguez-Gonzalez

**(12)   Criminal Investigation of Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

**(13)   Evidence Affecting Perception, Recollection, Communication or Truth-Telling**

The United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling

**(14)   Witness Addresses**

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960

Government's Response – U.S. v. Rodriguez-Gonzalez

1  F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). The
2  Government is not aware of any "tips" provided by anonymous or identified persons that resulted
3  in Defendant's arrest.
4        The Government objects to any request that the Government provide a list of every witness
5  to the crimes charged who will not be called as a Government witness. "There is no statutory basis
6  for granting such broad requests," and a request for the names and addresses of witnesses who will
7  not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Hsin-
8  Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502
9  (D. Del. 1980)). The Government is not required to produce all possible information and evidence
10 regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8
11 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery
12 of admissible exculpatory evidence are not subject to disclosure under Brady).
13       **(15)   Witnesses Favorable to the Defendant**
14       As stated earlier, the Government will continue to comply with its obligations under Brady
15 and its progeny. At the present time, the Government is not aware of any witnesses who have
16 made an arguably favorable statements concerning Defendant or who could not identify him or
17 who were unsure of his identity or participation in the crime charged.
18       **(16)   Statements Relevant to the Defense**
19       To reiterate, the United States will comply with all of its discovery obligations. However,
20 "the prosecution does not have a constitutional duty to disclose every bit of information that might
21 affect the jury's decision; it need only disclose information favorable to the defense that meets the
22 appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted).
23       **(17)   Jencks Act Material**
24       The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified
25 on direct examination, the Government must give the Defendant any "statement" (as defined by
26 the Jencks Act) in the Government's possession that was made by the witness relating to the
27 subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks
28

Government's Response – U.S. v. Rodriguez-Gonzalez

1  Act is (1) a written statement made by the witness and signed or otherwise adopted or approved
2  by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's
3  oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes
4  are read back to a witness to see whether or not the government agent correctly understood what
5  the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks
6  Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United
7  States, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act
8  material after the witness testifies, the Government plans to provide most (if not all) Jencks Act
9  material well in advance of trial to avoid any needless delays.

10        **(18)    Giglio Information**
11        As stated previously, the United States will comply with its obligations pursuant to Brady
12  v. Maryland, 373 U.S.  83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir.
13  1991), and Giglio v. United States, 405 U.S. 150 (1972).

14        **(19)    Personnel Records of Government Officers Involved in the Arrest**
15        The United States will continue to comply with its obligations pursuant to United States
16  v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

17        **(20)    Inspection of Agent Files**
18        The United States will continue to comply with its obligations pursuant to United States
19  v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

20        **(21)    Expert Witnesses**
21        The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written
22  summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705
23  of the Federal Rules of Evidence during its case-in-chief at trial.  This summary shall include the
24  expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those
25  opinions.
26  //
27  //
28

Government's Response – U.S. v. Rodriguez-Gonzalez

**B. THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS, SO LONG AS THEY ARE BASED ON NEW EVIDENCE**

The Government does not object to the granting of leave to file further motions as long as the order applies equally to both parties and any additional defense motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion.

## IV

## GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

**A. ALL EVIDENCE FOR DEFENDANT'S CASE-IN-CHIEF**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), the United States requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B. RECIPROCAL JENCKS – STATEMENTS BY DEFENSE WITNESSES**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date

Government's Response – U.S. v. Rodriguez-Gonzalez

1  before trial to be set by the Court.  Such an order should include any form in which these
2  statements are memorialized, including but not limited to, tape recordings, handwritten or typed
3  notes and reports.

### V

### **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

As part of its case, the United States must prove that Defendant was previously deported from the United States.  To prove this element, the United States anticipates calling a certified fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the warrants of deportation and other deportation documents.  A number of chain of custody witnesses could be eliminated, and judicial resources conserved, by permitting the Government's expert to take Defendant's fingerprints himself.  The Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966).  Further, using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also, United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987). Accordingly, the Government requests that the Court order that Defendant make himself available for fingerprinting by the Government's fingerprint expert.

//
//
//
//
//
//
//
//
//
//

Government's Response – U.S. v. Rodriguez-Gonzalez

# VI

# **CONCLUSION**

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the United States' motions for reciprocal discovery and fingerprint exemplars.

DATED: January 4, 2008

        Respectfully submitted,
        KAREN P. HEWITT
        United States Attorney

/s/ *Eugene S. Litvinoff*
_____
EUGENE S. LITVINOFF
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Eugene.Litvinoff2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                      )<br>                    Plaintiff,          )<br>                                                      )<br>         v.                                       )<br>                                                      )<br>ROSENDO RODRIGUEZ-GONZALEZ, )<br>                                                      )<br>                    Defendant.      )<br>_____) | Case No. 07CR3213-BEN<br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, EUGENE S. LITVINOFF, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I have caused service of **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS and GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**1.     Gary Burcham, Esq.**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2008.

/s/ *Eugene S. Litvinoff*
EUGENE S. LITVINOFF

Government's Response – U.S. v. Rodriguez-Gonzalez