EXHIBIT "A"

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1705 EAST HANNA ROAD, SUITE 366
ELOY, ARIZONA 85231

| | |
|---|---|
| IN THE MATTER OF: | IN REMOVAL PROCEEDINGS |
| RODRIGUEZ-GONZALEZ, Rosendo Efrain | FILE NO.   A42 447 639 |
| Respondent | |

CHARGE:   Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA" or "the Act"), as amended, in that, at any time after admission, convicted of an aggravated felony as defined in section 101(a)(43) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one (1) year.

On Behalf of the Respondent:
Rosendo Efrain Rodriguez-Gonzalez, *pro se*
Eloy Detention Facility
1705 East Hanna Road
Eloy, Arizona 85231

On Behalf of the Department:
Alice Song, Esq.
Assistant Chief Counsel
Department of Homeland Security
1705 East Hanna Road
Eloy, Arizona 85231

### DECISION AND ORDER OF THE IMMIGRATION JUDGE

I.   **Procedural History**

The respondent is a male, native and citizen of Mexico. He was admitted to the United States at San Ysidro, California on or about April 3, 1990 as an Immigrant. On March 17, 2005, he was convicted in the California Superior Court, County of Los Angeles, for the offense of "Corporal Injury to a Spouse/Cohabitant," in violation of section 273.5(a) of the California Penal Code ("C.P.C."), a felony. For this offense, the respondent was sentenced to two (2) years imprisonment.

On September 27, 2006, based on the foregoing allegations, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging the respondent as removable

1

234

RODRIGUEZ-GONZALEZ
A42 447 639

from the United States pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA" or "the Act"), as amended, in that, at any time after admission, he was convicted of an aggravated felony as defined in section 101(a)(43) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one (1) year. (Ex. 1, NTA.)

At a Master Calendar Hearing on October 19, 2006, the respondent acknowledged receipt of the NTA. At a continued Master Calendar Hearing on November 8, 2006, the respondent admitted all of the factual allegations, conceded the charge of removability, and designated Mexico as the country of removal.

II.   Burden of Proof

An Immigration Judge shall decide whether an alien is removable from the United States. INA § 240(c)(1)(A) (West 2006). DHS has the burden to establish by clear and convincing evidence that an alien who has been admitted to the United States is removable. INA § 240(c)(3)(A); 8 C.F.R. § 1240.8(a) (West 2006); see also Woodby v. INS, 385 U.S. 276 (1966).

III.   Analysis

DHS has failed, in the present case, to meet its burden of establishing by clear and convincing evidence that the respondent is removable. When determining if a state conviction qualifies as a "crime of violence" pursuant to federal law, the Court must apply "the 'categorical' approach, 'looking only to the statutory definition[ ] of the prior offense.'" Tokatly v. Ashcroft, 371 F.3d 613, 620 (9th Cir.2004) (alteration in original) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)). The Court must look to the nature of the statute of conviction and not the particular facts relating to the respondent's crime. See Leocal v. Ashcroft, 543 U.S. 1, 7 (2004). If the full range of conduct covered by the statute of conviction falls within the meaning of the term "crime of violence" as used in the Act, then the offense categorically qualifies as a "crime of violence." See Cisneros-Perez v. Gonzales, 465 F.3d 386, 391 (9th Cir.2006).

If the statute of conviction reaches both conduct that does and does not constitute the generic definition of a "crime of violence," the Court must conduct a modified categorical analysis. See United States v. Pallares-Galan, 359 F.3d 1088, 1099, 1102–03 (9th Cir. 2004). Under this approach, the Court will "consider whether documentation or other judicially noticeable facts in the record indicate that [the respondent] was convicted of the elements of the generically defined crime." Huerta-Guevara v. Ashcroft, 321 F.3d 883, 887 (9th Cir. 2003); Randhawa v. Ashcroft, 298 F.3d 1148 (9th Cir. 2002). The purpose of the modified categorical approach is "to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." United States v. Corona-Sanchez, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc).

2

RODRIGUEZ-GONZALEZ
A42 447 639

Under the modified categorical approach, the Court may consider the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the alien pled guilty to the elements of the generic crime. See United States v. Bonat, 106 F.3d 1472, 1476-78 (9th Cir. 1997); see also Huerta-Guevara, 321 F.3d at 887; Corona-Sanchez, 291 F.3d at 1211; see also Taylor, 495 U.S. at 601 (noting the "practical difficulties and potential unfairness of a factual approach," rather than a categorical approach, to a defendant's prior offenses); United States v. Rivera-Sanchez, 247 F.3d 905, 908 (9th Cir. 2001) (en banc) (remanding for review of record of conviction). The Court, nevertheless, may not look to facts outside the judicially noticeable documents to determine what the alien was convicted of. Tokatly, 371 F.3d at 621.

Beginning with the categorical approach, INA section 237(a)(2)(A)(iii) renders deportable "[a]ny alien who is convicted of an aggravated felony at any time after admission . . . ." An aggravated felony, under section 101(a)(43)(F) of the Act, is a "crime of violence" for which the term of imprisonment is at least one (1) year. INA § 101(a)(43)(F). A "crime of violence," in turn, is defined by reference to 18 U.S.C. section 16. Id. Section 16 of title 18, United States Code, defines a "crime of violence" as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

The respondent, by his own admission, was convicted of violating C.P.C. section 273.5(a). (See also Grp. Ex. 5, Judgment Abstract; id., Minutes.) C.P.C. section 273.5(a) provides:

Any person who *willfully* inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment.

C.P.C. § 273.5(a) (emphasis added). DHS submitted a brief essentially interpreting C.P.C. section 273.5(a) to mean that, to be guilty of the offense, a person must actively employ force with the intent of causing harm to the spouse or cohabitant. (See Grp. Ex. 7, DHS Brief at 4-5.) Viewing the statute in this light, DHS then concludes that the offense qualifies as a "crime of

3

236

RODRIGUEZ-GONZALEZ
A42 447 639

violence" as defined by 18 U.S.C. section 16. (Id. at 6.) However, such an interpretation of the California statute is incorrect. The word "willfully" means "a purpose or willingness *to commit the act* that *results* in corporal injury." CALJIC § 9.35 (emphasis added). Therefore, it is conceivable that a person may be convicted under C.P.C. section 273.5(a) where he intends to do some innocent act that ultimately results in corporal injury, albeit inadvertently. See People v. Campbell, 90 Cal.Rptr.2d, 315, 318 (Cal. App. 4th Dist.) (finding that a defendant may be found guilty of C.P.C. section 273.5(a), even if he did not specifically intend to cause the traumatic injury). As such, C.P.C. section 273.5(a) does not necessarily have as an element "the use, attempted use, or threatened use of physical force against the person or property of another." See 18 U.S.C. § 16(a). For the same reason, the California provision does not, by its nature, necessarily "involve a substantial risk that physical force against the person or property of another may be used." See 18 U.S.C. § 16(b). Hence, C.P.C. section 273.5(a) reaches conduct that does and does not constitute the generic definition of a "crime of violence." The Court must proceed to a "modified" categorical analysis.

The judicially noticeable facts in the record, here, are insufficient to establish that the respondent's offense was a "crime of violence" within the meaning of 18 U.S.C. section 16. In relation to the respondent's C.P.C. section 273.5(a) conviction, DHS submitted a felony complaint, an abstract of judgment, the minutes from the state court proceedings, and a sentencing document. (Grp. Ex. 5, Complaint; id., Judgment Abstract; id., Ct. Minutes; Ex. 8, Tab 2, Felony Sentence Doc.) DHS did not introduce the respondent's plea agreement or a transcript of his plea proceeding into the record. The documents submitted, however, are insufficient for the Court to conclude that the respondent's C.P.C. section 273.5(a) conviction is a "crime of violence" under 18 U.S.C. section 16.

The felony complaint charging the respondent with "Corporal Injury to a Spouse/Cohabitant" contains little more than generic statutory language from C.P.C. section 273.5(a).[1] (See Grp. Ex. 5, Complaint.) The abstract of judgment, the minutes from the state court proceedings, and the sentencing document show only that the respondent pled guilty to the charge and was sentenced to imprisonment. (Grp. Ex. 5, Judgment Abstract; id., Ct. Minutes; Ex. 8, Tab 2, Felony Sentence Doc.) None of the judicially noticeable documents detail the specific

---

[1] The felony complaint provides *inter alia*:

On and between May 11, 2003 and May 12, 2003, in the County of Los Angeles, the crime of CORPORAL INJURY TO SPOUSE/COHABITANT/CHILD'S PARENT, in violation of PENAL CODE SECTION 273.5(a), a Felony, was committed by ROSENDO RODRIGUEZ, who did willfully and unlawfully inflict corporal injury resulting in a traumatic condition upon MARTH GARCIA, who was a former cohabitant.

(Grp. Ex. 5, Complaint, 1.)

RODRIGUEZ-GONZALEZ
A42 447 639

conduct that the respondent engaged in. The Court, therefore, can not conclude that the respondent's offense was necessarily a "crime of violence." See Penuliar v. Gonzales, 435 F.3d 961 (9th Cir. 2006) (holding that information, which contains only generic statutory language and charges an alien with an offense that is not categorically a "crime of violence," and an abstract of judgment, which simply states that the alien pled guilty to the charge, are insufficient to establish that the alien was convicted of a "crime of violence"). Consequently, DHS has failed to meet its burden of establishing the alien's removability by clear and convincing evidence, and the charge is not sustained. Accordingly, the proceedings will be terminated.[2]

The following order shall be entered:

ORDER: IT IS ORDERED THAT the proceedings be **TERMINATED** as the government has failed to establish, *from the evidence presented*, that the respondent is subject to removal as charged by clear and convincing evidence.

January 3, 2007
Date

Jeffrey Zlatow
U.S. Immigration Judge

---

[2] DHS elected not to submit further evidence or any additional charges of removability despite being given multiple opportunities to do so. Based on the evidence presented, the proceedings will be terminated. This is not to suggest, however, that the charge of removability would not have been sustained if better evidence had been presented by DHS.

5

# EXHIBIT "B"



U.S. Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

RECEIVED
JUN 19 2007

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Goldblatt, Steven H., Esquire
111 F Street, N.W., Suite 305
Washington, DC 20001-0000

U.S. DHS-Trial Attorney Unit/EAZ
P.O. Box 25158
Phoenix, AZ 85002

Name: RODRIGUEZ-GONZALEZ, ROSENDO EFRAIN    A42-447-639

Date of this notice: 6/15/2007

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
    FILPPU, LAURI S.
    Grant, Christopher M.
    PAULEY, ROGER



**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

Files: A42 447 639 - Eloy                Date:     **JUN 1 5 2007**

In re: ROSENDO EFRAIN RODRIGUEZ-GONZALEZ a.k.a. Rosendo Rodriguez

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Richard H. Frankel, Esquire

ON BEHALF OF DHS:    Sarah L. Hartnett
                     Assistant Chief Counsel

CHARGE:

    Notice:   Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                              Convicted of aggravated felony

APPLICATION: Reinstatement of Removal Proceedings

---

    The Department of Homeland Security (DHS) appeals from an Immigration Judge's January 3, 2007, decision terminating removal proceedings against the respondent. The appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to the Immigration Judge for further proceedings.

    The respondent, a native and citizen of Mexico, was convicted by plea in a California Superior Court in May 2005 for willfully inflicting corporal injury on a spouse or cohabitant, a felony in violation of CAL. PENAL CODE § 273.5(a) for which he was sentenced to a term of imprisonment of 2 years, with a 1 year enhancement under CAL. PENAL CODE § 12022(b)(1) for being armed with a firearm or dangerous or deadly weapon while committing a felony. On the basis of this conviction, DHS charged the respondent with removability from the United States as an alien convicted of an "aggravated felony"; to wit, a "crime of violence" under 18 U.S.C. § 16 for which the term of imprisonment was at least 1 year. Sections 101(a)(43)(F) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(43)(F) and 1227(a)(2)(A)(iii) (2000). However, the Immigration Judge terminated the proceedings based on his determination that the offense defined by CAL. PENAL CODE § 273.5(a) was not categorically a "crime of violence" under either subsection of 18 U.S.C. § 16 and that the record of conviction submitted into evidence by DHS was insufficient to establish the respondent's removability under the "modified categorical approach" to statutory interpretation. We reverse.

A42 447 639

To qualify as a "crime of violence" under 18 U.S.C. § 16(a), an offense must have as an element the use, attempted use, or threatened use of physical force against the person or property of another; to qualify under § 16(b), it must be a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. *See generally Leocal v. Ashcroft*, 543 U.S. 1 (2004). The respondent's statute of conviction, CAL. PENAL CODE § 273.5(a), provides as follows:

> Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment.

Section 273.5(c) of the California Penal Code defines "traumatic condition" to mean "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by a physical force." According to authoritative decisions of the California courts, moreover, the term "willfully" is employed in § 273.5(a) to mean a purpose or willingness on the part of the actor to commit the act that results in corporal injury, *People v. Campbell*, 90 Cal. Rptr.2d 315, 317-18 (Cal. Ct. App. 1999) (following *People v. Thurston*, 84 Cal. Rptr.2d 221, 224-25 (Cal. Ct. App. 1999)), while the term "inflicts" means that the corporal injury must result from a direct application of force by the perpetrator upon the victim. *People v. Jackson*, 91 Cal. Rptr.2d 805, 808-10 (Cal. Ct. App. 2000); *see also* Cal. Jury Instr.–Crim. 9.35 (2005 Revision).[1]

In light of the fact that a person cannot be convicted under § 273.5(a) without willfully using physical force of such violence as to cause a traumatic condition to the victim, we are satisfied that the offense has the use of physical force against the person of another as an element within the meaning of 18 U.S.C. § 16(a). That an offender need not specifically intend to injure the victim is not determinative; the "volition" requirement implicit in the term "use" relates to the application of force against the victim, and not to the infliction of injury. The offense defined by § 273.5(a) is also a crime of violence under 18 U.S.C. § 16(b) because it is a felony that cannot be committed without the offender disregarding the substantial risk that he will have to use violent physical force against another in order to complete the offense, either to inflict the traumatic condition that the statute requires or to overcome the victim's resistance, or both. *See generally Leocal v. Ashcroft, supra*, at 10. Accordingly, we conclude that the respondent's offense qualifies categorically as a crime of violence under 18 U.S.C. § 16 and, in light of his 3-year sentence, an aggravated felony under section 101(a)(43)(F) of the Act. The Immigration Judge's decision to the contrary will be vacated, the removal proceedings will be reinstated, and the record will be remanded for a determination as to whether the respondent qualifies for (and, if appropriate, merits) any form of relief from removal.

---

[1] Compare *Ortega-Mendez v. Gonzales*, 450 F.3d 1010 (9th Cir. 2006) (holding simple battery is not a crime of violence under 18 U.S.C. § 16(a) because the minimum force required - a mere touching - is not violent and need not cause bodily harm).

2

A42 447 639

ORDER: The appeal is sustained and the removal proceedings are reinstated.

FURTHER ORDER: The charge of removability is sustained and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision.

_____
FOR THE BOARD