```
 1  KAREN P. HEWITT
    United States Attorney
 2  EUGENE S. LITVINOFF
    Assistant U.S. Attorney
 3  California Bar. No. 214318
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California  92101-8893
 5  Telephone: (619) 557-5790 / (619) 235-2757 (Fax)
    Email: Eugene.Litvinoff2@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 07CR3213-BEN |
|---|---|
| Plaintiff, | ) HEARING DATE:  April 18, 2008 |
|  | ) TIME:  2:00 p.m. |
| v. | ) |
|  | ) UNITED STATES' RESPONSE TO |
| ROSENDO RODRIGUEZ-GONZALEZ, | ) DEFENDANT'S MOTION: |
|  | ) |
| Defendant. | ) (1)  DISMISS DUE TO INVALID DEPORTATION |
|  | ) |
|  | ) TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Eugene S. Litvinoff, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's above-referenced motion. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

**I**

**INDICTMENT**

On November 28, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Rosendo Rodriguez-Gonzalez ("Defendant") with attempted illegal

reentry after deportation, in violation of Title 8, United States Code, Section 1326.  On October 31, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

**A.    RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
| --- | --- | --- | --- |
| 3/17/2005 | CASC Los Angeles | PC 273.5(a) – Inflict corporal injury on cohabitant | 3 years |
| 8/21/2001 | CASC Los Angeles | PC 415(1) – Fight/challenge public place | 2 years probation |

**B.    IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported after a hearing before an immigration judge on August 21, 2007.  Defendant was physically removed from the United States, by foot, through Nogales, Arizona on August 21, 2007.  Defendant's deportation was based on his 2005 conviction for corporal injury to a spouse / cohabitant, in violation of California Penal Code § 273.5, for which he received a two-year sentence (plus an additional one-year enhancement for using a deadly and dangerous weapon).  In the course of Defendant's immigration proceedings, the Board of Immigration Appeals found that § 273.5 is categorically a "crime of violence" within the meaning of 18 U.S.C. § 16.

**C.    INSTANT OFFENSES**

    **1.    Apprehension**

On October 31, 2007, U.S. Border Patrol Agent Wells was performing assigned line watch duties about ½ mile east of the Calexico, California West Port of Entry.  At approximately 6:45 p.m., Agent Wells observed Defendant climbing the international boundary fence between Mexico and the United States in an area known as the "old port," located south of First Street and Heffernan Avenue.  Agent Wells responded to the area and found Defendant in the immediate vicinity.  Agent Wells approached Defendant and identified himself as a Border Patrol Agent.

/ /

/ /

**2.      Field Statement**

Agent Wells questioned Defendant as to his citizenship; Defendant stated that he is a citizen and national of Mexico without proper documentation to visit, work, or reside in the United States legally. Defendant was arrested and transported to the Calexico Border Patrol Station for processing.

**3.      Advice of Rights**

Defendant was advised of his Miranda rights at approximately 11:17 p.m. on October 31, 2007. He invoked.

### III

### DEFENDANT'S MOTION TO DISMISS THE INDICTMENT DUE TO AN INVALID DEPORTATION SHOULD BE DENIED

Defendant argues that the indictment should be dismissed because the United States cannot show a valid deportation. For the 2005 deportation hearing, Defendant asserts that his deportation is invalid because his conviction for willfull infliction of corporal injury to a cohabitant, under California Penal Code § 273.5, does not constitute a "crime of violence" within the meaning of 18 U.S.C. § 16. Defendant's argument is wholly without merit.

**A.      Introduction**

A defendant charged with illegal reentry after removal under 8 U.S.C. § 1326 may collaterally attack the removal order. United States v. Mendoza-Lopez, 481 U.S. 828, 837-38 (1987). To sustain a collateral attack, a defendant must show the following: (1) that he exhausted all administrative remedies available to him to appeal his removal order; (2) that the underlying removal proceedings at which the order was issued "improperly deprived [him] of the opportunity for judicial review;" and (3) that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The Ninth Circuit has stated that "[a]n underlying removal order is fundamentally unfair if: (1) [an alien's] due process rights were violated by defects in the underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004) (internal quotation marks omitted); but see United States v. Aguirre-Tello, 353 F.3d 1199, 1205 (10th Cir. 2004) (en banc) ("We agree with the majority of other circuits which have addressed the issue and concluded

that 'there is no constitutional right to be informed of the existence of discretionary relief for which a potential deportee might be eligible.'" (citation omitted)).

**B.     There was No Due Process Violation Since Defendant was Not Eligible for Cancellation of Removal**

Cancellation of removal is available to a permanent resident deemed inadmissible or deportable if he "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). As noted previously, Defendant was convicted of an aggravated felony, making him ineligible for relief. See Cazarez-Gutierrez v. Ashcroft, 382 F.3d 905, 909 (9th Cir. 2004) (stating that "if Cazarez-Gutierrez's offense is an aggravated felony, he is not eligible for cancellation of removal. . . ."). Defendant's entire attack on his 2005 deportation comes down to arguing that the Board of Immigration Appeals erroneously found that Defendant's conviction for willfully inflicting corporal injury to a cohabitant, under California Penal Code § 273.5, is not categorically a "crime of violence" within the meaning of 18 U.S.C. § 16. This conviction, for which Defendant received more than one year in custody (3 years total) is, indeed, categorically a crime of violence. Moreover, since Defendant was convicted of an "aggravated felony," he was ineligible for any form of relief from removal.

Title 18, United States Code, Section 16 defines "crime of violence" as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another maybe used in the course of committing the offense.

Defendant's offense of willfull infliction of corporal injury to a cohabitant under Cal. Penal Code § 273.5(a) satisfies this definition because , on May 12, 2003, when Defendant committed the offense, the statute read as follows:

(a) Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony. . . .

Cal. Penal Code § 273.5(a).

1     This is a very narrow statute. The <u>only</u> way one can be convicted under § 273.5(a) is by willfully inflicting corporal injury on a cohabitant (or other classified person) of such violence as to cause a traumatic condition to the victim, and thus has as an element the use of physical force against the person of another. The Board of Immigration Appeals' decision in this matter, attached to Defendant's motion, correctly analyzes the issue. In accordance with the Board's reasoning, Cal. Penal Code § 273.5 is "categorically" a crime of violence under the "categorical approach of <u>Shepard</u> and <u>Taylor</u>.

Furthermore, in <u>James v. United States</u>, 127 S. Ct. 1586 (2007), the Supreme court clarified the "categorical approach," in the course of holding that attempted burglary under Florida law categorically qualified as a "violent felony" because it poses a serious risk of physical injury to another. The Court held that the commission of an offense need not pose the requisite risk of physical injury in every case; instead, the proper inquiry under the categorical approach is whether the conduct encompassed by the elements of the offense "ordinarily" presents a serious potential risk to another. See also <u>Gonzalez v. Duenas-Alvarez</u>, 127 S. Ct. 815 (2007) (holding that defendant has burden to show "realistic possibility" that prior conviction was outside "generic" definition). Here, the offense "ordinarily" presents a serious potential risk to another, and Defendant cannot show a "realistic possibility"–or any possibility at all–that he pleaded guilty to anything less than willfully inflicting corporal injury on Martha Garcia.

The statute also defines "traumatic condition" as "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by a physical force." Cal. Penal Code § 273.5(c). Since the statutory definition of Cal. Penal Code § 273.5(a) includes, as an element, actual infliction of physical injury, <u>People v. Abrego</u>, 21 Cal. App. 4th 133, 138, 25 Cal. Rptr. 2d 736 (Cal. Ct. App. 1993), it is a "crime of violence" within USSG § 2L1.2 under <u>Taylor</u>'s categorical approach.[1] This Court has held as much in affirming a 16-level enhancement under USSG § 2L1.2(b)(1) based on a prior conviction for inflicting corporal injury on a spouse. See <u>United States v.</u>

---

[1] "Crime of violence," as defined in USSG § 2L1.2 application note 1(B)(iii) mirrors the statutory definition of "crime of violence" in 18 U.S.C. § 16, by describing crime of violence as ". . . any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

1 Jimenez, 258 F.3d 1120, 1125 (9th Cir. 2001) ("Jimenez does not, <u>nor could he reasonably, dispute</u> that

2 inflicting corporal injury on his spouse involved the use of violence.") (emphasis added).[2/]

3       Simply put, Defendant can not meet his burden establishing a "plausible" ground for relief

4 because he was convicted an aggravated felony.

5 **IV**

6 **CONCLUSION**

7       For the foregoing reasons, the United States asks that the Court deny Defendant's motions,

8 except where unopposed, limit further motions to those based on new law or facts.

9     DATED: April 3, 2008                Respectfully submitted,

10                                                 KAREN P. HEWITT
11                                                 United States Attorney

12                                                 */s/ Eugene S. Litvinoff*

13                                                 EUGENE S. LITVINOFF
                                                Assistant United States Attorney
14                                                 Attorneys for Plaintiff
                                                United States of America
15                                                 Email: Eugene.Litvinoff2@usdoj.gov

---

[2/]   Defendant's conviction also qualifies as a "crime of violence" under <u>Taylor</u>'s second step, the "modified categorical approach." The Los Angeles County Complaint sufficiently pleads all elements of corporal injury to a spouse – including "inflict[ing] corporal injury resulting in a traumatic condition upon Martha Garcia" – and the abstract of judgment reflects a plea to that charge. [See Exh. A.] The abstract of judgment and pleadings also both establish that Defendant personally used a dangerous and deadly weapon, to wit, a screwdriver, in the commission of the offense. <u>Id.</u>; <u>United States v. Velasco-Medina</u>, 305 F.3d 839, 851-52 (9th Cir. 2002) (taken together, well-pled information and abstract of judgment satisfy the "modified categorical approach"), <u>cert. denied</u>, 540 U.S. 1210 (2004).

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>           Plaintiff, )<br>      v. )<br>  )<br>ROSENDO RODRIGUEZ-GONZALEZ, )<br>  )<br>           Defendant. )<br>  ) | Criminal Case No.   07CR3213-BEN<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Eugene S. Litvinoff, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response to Defendant's Motions to Dismiss the Indictment Due to Invalid Deportation, together with statement of facts, memorandum of points and authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**1.    Gary P. Burcham , Esq.**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None.

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2008.

/s/ *Eugene S. Litvinoff*

EUGENE S. LITVINOFF