| | |
|---|---|
| 1 | KAREN P. HEWITT |
|   | United States Attorney |
| 2 | ALESSANDRA P. SERANO |
|   | Assistant U.S. Attorney |
| 3 | California State Bar No. 204796 |
|   | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
|   | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-7084 / (619) 235-2757 (Fax) |
|   | Email: Alessandra.P.Serano@usdoj.gov |
| 6 | |
|   | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3213-BEN |
| | ) | |
| Plaintiff, | ) | Date:  June 2, 2008 |
| | ) | Time:  2:00 p.m. |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| ROSENDO RODRIGUEZ-GONZALEZ, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | AMENDED MOTION FOR DISCOVERY |
| Defendant. | ) | |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF |
| | ) | FACTS, MEMORANDUM OF POINTS |
| | ) | AND AUTHORITIES, AND |
| | ) | GOVERNMENT'S MOTIONS FOR: |
| | ) | |
| | ) | (1)  RECIPROCAL DISCOVERY; AND |
| | ) | (2)  FINGERPRINT EXEMPLARS |
| | ) | |
| _____ | ) | |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Alessandra P. Serano, Assistant U.S. Attorney, and hereby files its Response and Opposition to the motions filed on behalf of the above-captioned defendant and hereby files its Motions For Reciprocal Discovery and Fingerprint Exemplars. This Response and Opposition and Motions For Reciprocal Discovery and Fingerprint Exemplars is based upon the files and records of this case.

# I

## INDICTMENT

On November 28, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Rosendo Rodriguez-Gonzalez ("Defendant") with attempted illegal reentry after deportation, in violation of Title 8, United States Code, Section 1326. On October 31, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

# II

## STATEMENT OF FACTS

**A.    IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported after a hearing before an immigration judge on August 21, 2007. Defendant was physically removed from the United States, by foot, through Nogales, Arizona on August 21, 2007.

**B.    RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
| --- | --- | --- | --- |
| 3/17/2005 | CASC Los Angeles | PC 273.5(a) – Inflict corporal injury on spouse | 3 years |
| 8/21/2001 | CASC Los Angeles | PC 415(1) – Fight/challenge public place | 2 years probation |

**C.    INSTANT OFFENSES**

   **1.    Apprehension**

On October 31, 2007, U.S. Border Patrol Agent Wells was performing assigned line watch duties about ½ mile east of the Calexico, California West Port of Entry. At approximately 6:45 p.m., Agent Wells observed Defendant climbing the international boundary fence between Mexico and the United States in an area known as the "old port," located south of First Street and Heffernan Avenue. Agent Wells responded to the area and found Defendant in the immediate vicinity. Agent Wells approached Defendant and identified himself as a Border Patrol Agent.

**2.    Field Statement**

Agent Wells questioned Defendant as to his citizenship; Defendant stated that he is a citizen and national of Mexico without proper documentation to visit, work, or reside in the United States legally. Defendant was arrested and transported to the Calexico Border Patrol Station for processing.

**3.    Advice of Rights**

Defendant was advised of his Miranda rights at approximately 11:17 p.m. on October 31, 2007. He invoked.

## III

## POINTS AND AUTHORITIES

**A.    THE GOVERNMENT WILL CONTINUE TO COMPLY WITH ALL ITS DISCOVERY OBLIGATIONS**

The Government intends to fully comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The Government has made approximately 238 pages of discovery and a DVD recording available to the defense. The Government anticipates that most discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

**(1)    The Defendant's A File**

The Government has reviewed the Defendant's A file and produced all relevant and discoverable documents. The Government does not object to the new defense counsel reviewing the A file.

**(2)    Giglio Information**

The United States will comply with its obligations pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

1     **(3)    Personnel Records of Government Officers Involved in the Arrest**

The United States will continue to comply with its obligations pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

IV

**GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

**A.    ALL EVIDENCE FOR DEFENDANT'S CASE-IN-CHIEF**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), the United States requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B.    RECIPROCAL JENCKS – STATEMENTS BY DEFENSE WITNESSES**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these

1 | statements are memorialized, including but not limited to, tape recordings, handwritten or typed
2 | notes and reports.

## V

## **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

As part of its case, the United States must prove that Defendant was previously deported from the United States. To prove this element, the United States anticipates calling a certified fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the warrants of deportation and other deportation documents. A number of chain of custody witnesses could be eliminated, and judicial resources conserved, by permitting the Government's expert to take Defendant's fingerprints himself. The Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Further, using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also, United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987). Accordingly, the Government requests that the Court order that Defendant make himself available for fingerprinting by the Government's fingerprint expert.

## VI

## **CONCLUSION**

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the United States' motions for reciprocal discovery and fingerprint exemplars.

DATED: May30, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

/s/ *Alessandra P. Serano*

ALESSANDRA P. SERANO
Assistant United States Attorney
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3213-BEN |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| ROSENDO RODRIGUEZ-GONZALEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, EUGENE S. LITVINOFF, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I have caused service of **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS and GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    **1.**    **Greg Obenauer, Esq.**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2008.

                                              /s/ *Alessandra P. Serano*
                                              ALESSANDRA P. SERANO